**UNITED STATED DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIA DEL ROSARIO HERNANDEZ on behalf of herself and all others similarly situated, )))))) | No. 21-_____ |
| Plaintiff, )) | JURY TRIAL DEMANDED |
| v. )))) | CLASS ACTION |
| MICROBILT CORPORATION, )))) | |
| Defendant. )) | |

## COMPLAINT – CLASS ACTION

### I.     PRELIMINARY STATEMENT

1.      Plaintiff Maria Del Rosario Hernandez brings this action on her own behalf and on behalf of all other persons similarly situated against Defendant MicroBilt Corporation ("MicroBilt" or "Defendant") based upon Defendant's widespread violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). Defendant violates the important protections in the FCRA by improperly associating innocent consumers with terrorists, narcotics traffickers, money launderers, arms dealers, and other criminals subject to U.S. government sanctions. Defendant's conduct deprives consumers of their rights under federal law and results in widespread harm.

### II.     JURISDICTION AND VENUE

2.      Jurisdiction of the Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b) because MicroBilt's principal office is located in this District.

### III.     PARTIES

4.      Plaintiff Maria Del Rosario Hernandez is an adult individual who resides in Grand

Prairie, Texas.

5.      Defendant MicroBilt is a corporation that regularly conducts business in the State

of New Jersey and has a principal place of business at 100 Canal Pointe Boulevard #208, Princeton,

New Jersey 08540.

## IV.      FACTUAL ALLEGATIONS

### A.      The United States Treasury Department's Office Of Foreign Assets Control And Its List Of Specially Designated Nationals And Blocked Persons

6.      The United States Treasury Department's Office of Foreign Assets Control

("OFAC") "administers and enforces economic trade sanctions based on U.S. foreign policy and

national security goals against threats to national security, foreign policy or economy of the United

States." *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 413 (N.D. Cal. 2014) (citation omitted).[1]

7.      OFAC directs those sanctions at, among others, terrorists, international narcotics

traffickers, and persons involved in the proliferation of weapons of mass destruction and publishes

a list of those "Specially Designated Nationals" ("SDNs") and "Blocked Persons" on its website

(the "OFAC List").[2]

8.      Persons on the OFAC List are legally ineligible for credit in the United States, may

not be employed, and may even be subject to deportation or criminal prosecution.

9.      The full OFAC List as maintained by the Treasury Department is publicly available

information, and whether a person is on the OFAC List is a matter of public record.

10.      Persons in the United States are generally prohibited from doing business with,

including extending credit to, individuals on the OFAC List. Noncompliance carries potential civil

---

[1]      *See also* UNITED STATES DEP'T OF THE TREASURY, *OFAC FAQs: General Questions*, https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx (last visited March 5, 2021).

[2]      UNITED STATES DEP'T OF THE TREASURY, *Specially Designated Nationals and Blocked Persons List*, https://www.treasury.gov/ofac/downloads/sdnlist.pdf (last visited March 5, 2021).

and criminal penalties. *See* 31 C.F.R. § 501 App. A, II.

**B.      OFAC Information On Consumer Reports Is Regulated By Federal Law**

11.      The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

12.      The FCRA requires that consumer reporting agencies ("CRAs") "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

13.      The maximum possible accuracy standard "requires more than merely allowing for the *possibility* of accuracy," meaning that CRAs do not meet that standard by suggesting that certain consumers are "possible" matches for individuals on the OFAC List. *Ramirez v. Trans Union, LLC*, No.12-cv-00632-JSC, 2017 WL 1133161, *5 (N.D. Cal. Mar. 27, 2017) (quoting *Cortez*, 617 F.3d at 709) (emphasis added).

14.      In 2010 in *Cortez*, the U.S. Court of Appeals for the Third Circuit found that OFAC information is subject to the maximum possible accuracy standard, and that a CRA acted "reprehensibly" and was in willful violation of FCRA section 1681e(b) by using only first and last names to associate consumers with criminals on the OFAC List. 617 F.3d at 707-08, 723.

15.      Later, a court in the Northern District of California certified the FCRA section 1681e(b) claims of a class of 8,192 individuals who a CRA inaccurately associated with the OFAC List. *Ramirez*, 301 F.R.D. at 413. A jury found that the CRA's matching procedures willfully violated the FCRA. *Ramirez v. Trans Union, LLC*, No. 3:12-cv-632-JSC, 2017 WL 5153280, at *2-3 (N.D. Cal. Nov. 7, 2017) (upholding jury's verdict).

16.      Moreover, CRAs may not shift their duty to assure accuracy onto the users of the

information that they sell. *Ramirez*, 2017 WL 1133161 at *4 (*citing* Cortez, 617 F.3d at 708).

**C.       Defendant's Sale Of OFAC Records**

17.      Defendant is a CRA within the meaning of FCRA section 1681a(f), in that, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, while using means of interstate commerce, specifically the U.S. mail and internet, for the purpose of preparing or furnishing consumer reports.

18.      Defendant regularly compiles information bearing on consumers' creditworthiness, including credit tradelines and public records, and includes this information on reports for the purposes of evaluating consumers' eligibility for credit.

19.      MicroBilt is well aware of the implications of noncompliance with federal regulations pertaining to doing business with individuals on the OFAC List and markets itself as a reliable way for businesses to "find out fast" whether their customers are "on the OFAC watchlist."[3]

20.      MicroBilt fails to follow reasonable procedures to assure the maximum possible accuracy of the OFAC information it sells about consumers, regularly selling reports to prospective creditors that inaccurately label innocent consumers as criminals on the OFAC List.

21.      MicroBilt's practices for including references to OFAC information on the consumer reports it sells are uniform and not unique to each consumer or transaction.

22.      MicroBilt fails to use all of the available information about consumers to determine whether to associate them with criminals on the OFAC List and does not use the available dates of birth to rule out clear mismatches.

---

[3]      *See* https://www.MicroBilt.com/product/ofac-watchlist-add-on-enhancement (last visited March 5, 2021).

23.     Defendant does this because it wants to provide some OFAC-related information to its customers (accurate or not), to maximize its profits and advertise that its products "work."

24.     Defendant thus intentionally employs procedures that maximize the likelihood of a match between data on the OFAC List and consumers, thereby compromising accuracy.

25.     Defendant's treatment of OFAC information is not accidental, but instead a result of deliberately designed policies and procedures.

26.     At all relevant times, Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

**D.     The Experience Of Plaintiff Maria Hernandez**

27.     On or about November 9, 2020, Plaintiff applied for a loan through Oasis1 Marketing, and provided her full name, date of birth, address, and social security number on the application.

28.     Oasis1 Marketing requested a consumer report about Plaintiff from MicroBilt in connection with her application and provided Plaintiff's full personal identifying information to MicroBilt.

29.     On November 9, 2020, MicroBilt prepared and sold to Oasis1 Marketing a consumer report about Plaintiff.

30.     MicroBilt included on the first page of the report, in red typeface, "Matches found" for the "OFAC WatchList."

31.     MicroBilt did not include on the report any additional information about the allegedly matching OFAC record(s).

32.     As of November 2020, there were two individuals on the publicly available OFAC

List with the first name "Maria" and the last name "Hernandez." The years of birth included on the OFAC List for those individuals are 1971 and 1958.

33.     Plaintiff's year of birth is 1989. Other than sharing the same common first and last names, she does not share any other identifying information with the individuals listed on the OFAC List.

34.     Plaintiff is not on the OFAC List or any other government watch list.

35.     Despite having been provided with Plaintiff's full name, address, social security number and date of birth, MicroBilt used a loose name matching procedure to determine whether to include OFAC information on the consumer report, and disregarded available date of birth information that disqualified any match.

36.     Plaintiff's loan application was denied based upon the OFAC information on the MicroBilt report. A representative of Oasis1 Marketing wrote to Plaintiff as follows: "*Unfortunately, your Line of Credit request has been denied because the Instant Bank Verification process that you completed has come back with a flag that you are on the Federal Government OFAC Watch List. For more information, you can contact MicroBilt, the company that supports the Instant Bank Verification process. Their customer service phone number is 800-884-4747.*"

37.     As a result of MicroBilt's inaccurate reporting of the OFAC information, Plaintiff was denied credit and sustained other damages including harm to reputation and emotional distress.

## V.     CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this action on behalf of the following Class:

All natural persons residing in the United States and its Territories about whom Defendant, during the period beginning five (5) years prior to the filing of the Complaint and continuing through the date of the resolution of this case, sold a consumer report to a third party that referenced an OFAC record where one or more items of personal identifying information on the face of the report did not match the personal identifying information publicly available on the OFAC list.

39.     Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

40.     **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Class are so numerous that joinder of all is impractical. Upon information and belief, the number of consumers harmed by Defendant's practices are more numerous than what could be addressed by joinder, and those persons' names and addresses are identifiable through documents or other information maintained by Defendant.

41.     **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individuals. The common legal and factual questions include, among others, whether MicroBilt maintains reasonable procedures to assure maximum possible accuracy of the OFAC information on its consumer reports.

42.     **Typicality. Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of each Class member. Plaintiff has the same claims for relief that she seeks for absent Class members.

43.     **Adequacy**. **Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests are aligned with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

44.     **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by

Defendant's conduct. It would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI.   CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)

45.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length here.

46.     Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it sold, in violation of 15 U.S.C. § 1681e(b).

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A.     An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent the Class;

B.     An order declaring that Defendant's conduct as alleged is in violation of the FCRA;

C.     An order awarding actual damages, pursuant to 15 U.S.C. § 1681o(a);

D.     An order awarding statutory damages in the amount of not less than $100 and not

more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

      E.      An order awarding punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

      F.      An order awarding costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

      G.      An order granting such other and further relief as may be just and proper.

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

Dated: March 5, 2021                  Respectfully submitted,

                                      */s/ James A. Francis*
                                        JAMES A. FRANCIS
                                        JOHN SOUMILAS
                                        LAUREN KW BRENNAN
                                        **FRANCIS MAILMAN SOUMILAS, P.C.**
                                        1600 Market Street, Suite 2510
                                        Philadelphia, PA 19103
                                        Tel. (215) 735-8600
                                        Fax (215) 940-8000
                                        jfrancis@consumerlawfirm.com
                                        jsoumilas@consumerlawfirm.com
                                        lbrennan@consumerlawfirm.com

                                        *Attorneys for Plaintiff and the Class*